IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| VERNON HENDERSON | § | |
| --- | --- | --- |
| | § | |
| V. | § | No. 5:18CV44-JRG-CMC |
| | § | |
| PILGRIM'S PRIDE, et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On June 5, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the above case be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b). The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. No objections to the Report and Recommendation have been filed.

## BACKGROUND

Plaintiff Vernon Henderson, proceeding *pro se* ("Plaintiff"), filed his original Complaint under Title VII of the Civil Rights Act of 1964 against Defendant Pilgrim's Pride on March 20, 2018. On March 28, 2018, after reviewing Plaintiff's Motion to Proceed *In Forma Pauperis* and Plaintiff's complaint, the Court issued an order granting Plaintiff's motion. However, the Court noted that Plaintiff's complaint does not set out a short and plain statement of the claim giving fair notice of the nature of Plaintiff's claim or the grounds upon which it rests as required by FED. R. CIV. P. 8(a).

The form Title VII complaint filed by Plaintiff alleged Plaintiff's employment with Pilgrim's

Pride was terminated because of his race. Under the circumstances under which the defendant allegedly discriminated against Plaintiff, Plaintiff alleged only that "[T]hey all had different stories [sic] on what happened." (Compl. at pg. 3).

In the March 28 Order, the Court ordered the Clerk of the Court to send Plaintiff a blank civil complaint form with the case number stamped thereon. The Court further ordered Plaintiff to file, within twenty days from the date of entry of the order, an amended complaint using the blank form. Specifically, the Court ordered Plaintiff to file a more detailed complaint, presenting a short and plain statement setting forth Plaintiff's claims, including the following: (1) a concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of the claims, including the dates of occurrences of the events; (2) a statement showing how the named defendant is involved in the facts forming the basis of the lawsuit; (3) the harm which Plaintiff suffered as a result of the facts forming the basis of the lawsuit; and (4) the specific relief sought by Plaintiff in this lawsuit.

The Court noted that service of process would be withheld pending judicial screening of Plaintiff's amended complaint. The Court further advised Plaintiff that failure to file an amended complaint which complied with the order might lead to a recommendation that this lawsuit be dismissed for failure to prosecute or to obey an order of the Court.

As of June 4, 2018, Plaintiff had not filed an amended complaint as ordered by the Court, despite the fact the Clerk of the Court made him aware of the March 28 Order.[1] Nor had Plaintiff

---

[1] The March 28 Order was first mailed to the physical address listed on Plaintiff's complaint, which is what the Clerk of the Court uses for mailing purposes. When the order was returned as undeliverable on April 3, the Clerk of the Court resent the order to both the physical address and a P.O. Box listed on the EEO letter attached to Plaintiff's complaint. The order was again returned as undeliverable.

provided a change of address form as instructed by the Clerk of the Court.

Therefore, on June 5, the undersigned entered a Report and Recommendation, recommending the instant suit be dismissed under Rule 41(b) for failure to comply with the March 28 Order and for failure to keep the Court apprised of his current physical mailing address. Although it is not the Clerk of the Court's policy to do so, the Court instructed the Clerk in this instance to mail the June 5, 2018 Report and Recommendation separately to both the physical address listed on Plaintiff's complaint and to the P.O. Box address listed on the EEO letter attached to Plaintiff's complaint.

The mail addressed to the physical address listed on Plaintiff's complaint was returned as undeliverable. However, on June 17, 2018, Plaintiff acknowledged receipt of the other mailing to the P.O. Box address. To date, no objections have been filed to the Report and Recommendation.

On June 25, Plaintiff contacted the Clerk of the Court to check on the status of an amended complaint he stated he had mailed. The Clerk explained the Court had not received an amended complaint. Per Plaintiff's request, the Clerk mailed him another complaint form to the P.O. Box address. On July 6, Plaintiff filed a notice, explaining he had mailed the amended complaint to the wrong court office. On July 16, 2018, Plaintiff filed his amended complaint, attaching to the amended complaint an EEOC Dismissal and Notice of Rights and part of an appeal decision from the Texas Workforce Commission dated May 17, 2015.

Plaintiff's amended complaint adds three defendants not mentioned in the EEOC Dismissal

---

On April 30, the Clerk of the Court contacted Plaintiff regarding the March 28 Order. The Clerk of the Court also contacted the Postmaster who explained that mail is automatically returned if it has both a residential address and a P.O. Box listed on it. The Clerk of the Court notified Plaintiff that she could not use only the P.O. Box address because the physical address is what was listed on the complaint itself. She instructed Plaintiff to send a notice of change of address for mailing purposes. However, in this limited instance, she also resent the March 28 Order only to the P.O. Box address listed on the EEOC letter.

and Notice of Rights: Clauidia Chavez, Henliodoio Hernandoz, and Alenondro Munoz (Pilgrim's Pride's lead shipping man at East Plant). Despite adding three additional defendants, Plaintiff provided the following "statement of claim" (which asks for a description of how each defendant is involved, including dates and places):

> On May 14, 2015, I was [operating] a pallet jack[.] [A]nother employee started yelling at me to raise the forks of the jack up[.] I was using my best judgment [sic] as to where the forks were positioned at the time because the floor was uneven and I was moving a load of chickens at the time. Then I said if we were [sic] on the streets he wouldn't be talking to me like that, then [the other employee] unplug[ged] my jack[.] I plug it in and continue working.

(Docket Entry # 13 at pg. 3).[2]

## **DISCUSSION**

Importantly, the Clerk of the Court has still not received a notice of change of address for mailing purposes. The Court notes the P.O. Box listed on the envelope (2046) containing the amended complaint is different from the one listed in the EEOC letter and in the amended complaint (2042). By neglecting to provide the Court with his current address, Plaintiff has failed to prosecute this case diligently.

Plaintiff has also failed to obey an order of the Court by not filing a more detailed complaint. As noted by the Magistrate Judge, a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *see also* Local Rule CV-41 (authorizing the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditions disposition of cases); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998); s*ee generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.

---

[2] From the attachments to the amended complaint, it appears Plaintiff was suspended without pay on May 14, 2015 for violating the employer's workplace violence policy.

4

1988) (a district court may dismiss an action for failure to prosecute or to comply with an order of the court); *Magnuson v. Elec. Data Sys. Corp.*, 252 F.3d 436, 2001 WL 360841 (5th Cir. 2001); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459 (5th Cir. 2007); *Sutherlin v. Countrywide Home Loans, Inc.*, No. 4:12CV434, 2012 WL 6087726, at *3 (E.D. Tex. Dec. 6, 2012), *report and recommendation adopted,* No. 4:12CV434, 2013 WL 1314054 (E.D. Tex. Mar. 28, 2013) ("Plaintiff has failed to take any action, and her mail continues to go unclaimed. Having considered Plaintiff's failure to comply with the Court's orders, including her obligation to keep her contact information current and to retrieve all court correspondence, the Court finds that the matter should be dismissed for want of prosecution") (citing Fed. R. Civ. P. 41(b)); *Taylor v. Keal*, No. CIV.A. 1:05CV178, 2006 WL 2259279, at *1 (E.D. Tex. Aug. 4, 2006) (Clark, C.J.) (the plaintiff's "mail was unclaimed. . . . Thus, it appears that the address in the court's file is no longer a valid address for the plaintiff. . . .By neglecting to provide the Court with his current address, plaintiff has failed to prosecute this case diligently.").

Even though Plaintiff eventually filed an amended complaint as ordered by the Magistrate Judge, he failed to comply with the March 28 Order. Specifically, Plaintiff fails to provide the facts giving rise to the claims; a statement showing how each named defendant is involved in the facts forming the basis of the lawsuit; and the harm which Plaintiff suffered as a result of the facts forming the basis of the lawsuit. Plaintiff has also failed to keep the Court apprised of his current physical mailing address. Indeed, the P.O. Box listed on the most recent envelope from Plaintiff is different from the one listed in the EEOC letter and previously used by the Court despite its general policy otherwise.

Finally, the Court notes Plaintiff has not filed objections to the June 5, 2018 Report and

5

Recommendation. As noted by the Magistrate Judge in the Report and Recommendation, failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. There being no grounds of plain error or manifest injustice, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that pursuant to Federal Rule of Civil Procedure 41(b), the above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE**.

**So Ordered this**
**Jul 25, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE